IN THE MIDDLE DISTRICT COURT OF MONTGOMERY COUNTY
IN AND FOR THE REPUBLIC OF ALABAMA

RECEIVED
2018 JAN 25 P 2: 34
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| *Defendant* **CREDIT ONE BANK**, ET AL<br>P.O. BOX 98873<br>LAS VEGAS, NV 89193-8873<br><br>Vs.<br><br>*Plaintiff* **JAMES ARTHUR. STOKES III**, ET AL.<br>2707 Garden Brook Court<br>Montgomery, AL 36116 | Case Number: 2:18-cv-51-MHT<br><br>Lawsuit for the recovery of the proceeds of an undisclosed investment contract/transaction, recovery of all coerced payments made by plaintiff, Monetary damages demand for: extortion of credit, constructive fraud, income tax evasion, libel, slander, emotional/financial distress, attorney/court fees and statutory violations of: 26 USC § 856, the Truth in Lending Act (TILA), the Fair Credit Reporting Act (FCRA). Jury Trial is demanded |

### I.   An affidavit: "my statement of claim…"

**1.** I, James Arthur Stokes III (hereinafter referred to as, "plaintiff"), sui juris, pro se, and the beneficial owner of The Equitable Cestui Que Trust, and as such, I claim to have first-hand knowledge of the information contained herein, and/or direct knowledge of the facts stated herein.

**2.** A company (CREDIT ONE BANK hereinafter referred to by any of the following descriptors, "CREDIT ONE BANK/opposing party/defendant/trustee") received a money order on January 09, 2018 tendered by the plaintiff to CREDIT ONE BANK's Financial Services Attorney Allan Shutt to discharge a significant portion of the account balance in the amount of $425.61 CREDIT ONE BANK dishonored the plaintiff's payment, never returned the dishonored instrument back to its issuer and violated Public Law 73-10, Chapter 48, 48 Stat. 112. Within the same correspondence the plaintiff sent a request for documentation concerning the records for said account which the defendant willfully ignored. The United States has been in bankruptcy since 1933, all subsidiary corporations of the U.S. are acting as debtors in possession. All gold and silver have been banned; therefore, there is no access to lawful money and no real way to legally pay any alleged debt. According to Public Law 73-10 the United States government provided the people set-off as a means to discharge their debts. CREDIT ONE BANK is claiming the plaintiff owes a debt and the plaintiff is demanding that CREDIT ONE BANK prove that alleged debt. I object and asked that their claim(s) and actions be voided and dismissed immediately with prejudice. The opposing party are students of law, learned individuals, familiar with the rules and procedures and have failed to follow them knowingly, intentionally and deliberately. (Please note that all of my claims against the opposing party are said to be done knowingly and intentionally and deliberately with wanton disregard to due process, the plaintiff's rights, and the law). The plaintiff is also seeking recoupment and the compensation (monetarily) for damages as a result of the opposing party's actions.

**3.** I am not a student of law, and am not familiar with the rules of the court. However, I am familiar with my right to have the rules suspended, and to have all of my presentments construed liberally, and I do hereby elect to exercise that right and request that the rules be suspended.

**4.** This legal action is commenced by the plaintiff due to the defendant's negligence in curing the urgent matters outlined in the body of the complaint below. The plaintiff has previously requested records which would establish, if any, the defendant's standing/claim in this matter. To this date, the defendant has

failed to execute this in a timely manner, which precludes them from any further claim(s) referencing this matter.

## II.   The Complaint

**1.** The plaintiff executed a document/contract that was presented to him by CREDIT ONE BANK as an application for credit, but was in fact a security instrument and thus is governed under the Uniform Commercial Code (UCC) article 8. More importantly, this also means that the plaintiff is a party to an investment contract which was not disclosed to him. Additionally, CREDIT ONE BANK made the plaintiff an undisclosed party to a Pooling and Servicing Agreement (PSA) that was not subscribed to or memorialized by him, ultimately rendering the contract void and unenforceable. These are direct violations of the Truth in Lending Act (TILA), 12 USC § 5301, and the Statute of Frauds under the UCC. As a result, through this legal proceeding the plaintiff is asserting his defenses, filing his adverse claim, and seeking recoupment and compensation (pursuant to Public Law 111-203/12 USC § 5301 DODD-FRANK WALL STREET REFORM AND CONSUMER PROTECTION ACT) of the undisclosed proceeds from the sale of the financial asset/security in which the plaintiff has proprietary ownership.

**2.** Furthermore, the plaintiff, as an entitlement holder of a securities account with a securities intermediary, is entitled to the proceeds of that transaction. According to 12 USC §1813 (l)(1) and the Financial Accounting Standards Board 95 (FASB 95 Footnote 1) statement of cash flows, when a note (i.e. security instrument/application) is deposited into the consumer's demand deposit account it becomes the equivalent of money or cash. It becomes a payment to the bank and a receipt to the depositor and a receipt to the bank and a payment to the depositor. This means that the plaintiff, whose credit, which the United States Supreme Court and lower courts have well established that banks cannot lend credit as it is a violation of federal law, CREDIT ONE BANK utilized to create the investment conduit, funded the entire transaction. The plaintiff donated the funds to this constructive trust making him the grantor/settler/lender and beneficiary of the trust and subsequent owner of the proceeds. In turn, making CREDIT ONE BANK (the trustee) liable for the payment of any and all associated taxes (26 USC § 2603 (a) (1-2)). Until CREDIT ONE BANK pays the taxes associated with the use of the plaintiff's credit no lien shall attach (26 USC § 6324) thus nullifying enforceability and CREDIT ONE BANK's authority to demand payment from the plaintiff (UCC § 9-203 (a) (b)).

**3.** CREDIT ONE BANK performed a securitization of the financial asset (application for credit). CREDIT ONE BANK created asset backed securities (ABS) or bonds from the financial asset issued by the plaintiff. CREDIT ONE BANK then transferred/sold these credit card receivables to a trust, and as trustee CREDIT ONE BANK then sold certificates backed by the plaintiff's credit to institutional investors. As trustee for the trust CREDIT ONE BANK is responsible for the payment of the Capital Transfer Tax paid out as a taxable termination per the TRANSFER AND SERVICING AGREEMENT (title 26 USC § 2511, 2603 (2), 2611 (a) of the Internal Revenue Code). CREDIT ONE BANK must first file a tax return with the Internal Revenue Service (I.R.S.). The plaintiff has no knowledge of the existence of evidence that CREDIT ONE BANK paid the tax that was withheld from the use of the plaintiff's credit. Neither was the security instrument/funds transferred into the trust because in order to do so would be a violation of the plaintiff's rights. Therefore, there were no funds within the corpus of the trust and the "loan/extension of credit" was unsecured. Furthermore, CREDIT ONE BANK was not the holder in due course of the security instrument (financial asset); CREDIT ONE BANK took the security instrument subject to the claims and defenses of the true rightful entitlement holder/issuer/proprietary owner, which is the plaintiff (UCC § 3-305 (c)). It is unlawful for CREDIT ONE BANK to hold, negotiate, or transfer (sale/"assign") the security instrument that belong to the issuer/originator, the plaintiff (UCC § 3-105 (a) (c) & § 8-102). Therefore, CREDIT ONE BANK does not have a) a qualified trust, b) is selling unsecured certificates to investors and c) is in possession of contraband and have extorted credit (18 USC § 894 (a) (1-2)) from the plaintiff by billing him for the tax that CREDIT ONE BANK, through willful neglect, failed to pay (income tax evasion 26 USC § 7201). As a result of

CREDIT ONE BANK's failure to comply with federal regulations and to properly establish a qualified investment trust, CREDIT ONE BANK does not have lawful standing/authority to issue the plaintiff with monthly payment presentments because the trust does not own the required security instrument nor did the trust fund the transaction.

**4.** As of the date of the writing of this complaint CREDIT ONE BANK is negatively reporting this item in the public to credit reporting agencies/bureaus without validating the alleged debt (violation of the Fair Credit Reporting Act, FCRA).

### III. Proof of claim demand

**1.** This is a demand for the defendant to establish its lawful claim/standing by producing the following verified documentation. Said documentation will confirm both the plaintiff's and the defendant's standing in this case and facilitate the efficient resolution of this matter. The plaintiff requests the following records from the defendant:

- That CREDIT ONE BANK show me identification and their authority to act or do a presentment for payment as mandated by § 3501 (2)(B) of the Uniform Commercial Code (UCC).
- That CREDIT ONE BANK sign a receipt for the instrument for payment made in full as accord and satisfaction under § 3311 of the UCC, by Securitization of the CONTRACT under the TRANSFER AND SERVICING AGREEMENT and to surrender the instrument or promissory note to me as mandated by § 3501 (2)(C) of the UCC.
- The statement and U.S. informational tax return form 1096 filed with the Internal Revenue Service (I.R.S.) demonstrating that CREDIT ONE BANK did indeed pay the tax required by law.
- The Committee on Uniform Securities Identification Procedures (CUSIP) number(s) for the security instrument(s) (financial asset/application for credit)
- The 1099 OID (original issue discount) with form 8281, the 1099A (as an acquisition) and 1099 INT filed with the I.R.S. for said transaction
- The receipt of deposit for the plaintiff's demand deposit account for said transaction that shows CREDIT ONE BANK is in compliance with 12 USC §1813 (l)(1) and the Financial Accounting Standards Board 95 (FASB 95 Footnote 1) statement of cash flows
- The call report(s) registered with the Federal Deposit Insurance Corporations (FDIC) for the plaintiff's account
- The full statement of accounting (UCC § 9-210) (i.e. the accounting ledger(s) and balance sheet(s) which include all off-balance sheet items) associated with the plaintiff's account.
- The Prospectus filed pursuant to rule 424B5 with the Securities Exchange Commission (SEC) associated with the plaintiff's account.

If the defendant cannot produce the requested records and satisfactorily establish their lawful authority or claim to demand payment from the plaintiff, then CREDIT ONE BANK must pay the tax, remove all accounts/claims against the plaintiff, and return the coerced payments, and undisclosed proceeds from this transaction.

### IV. Relief sought by the plaintiff

**1.** The plaintiff is seeking relief in the following manner:
    I. Expungement of records from the public
        a. all claims levied against the plaintiff by the defendant must be voided and dismissed immediately with prejudice

II. the plaintiff seeks monetary compensation for the following violations committed by the defendant:
   a. recoupment of the proceeds from the sale of the financial asset/security of which the plaintiff has proprietary ownership (value to be determined)
   b. recovery of all coerced payments made by the plaintiff (value to be determined)
   c. constructive fraud
   d. income tax evasion (26 USC § 7201)
   e. violation of Public Law 73-10, Chapter 48, 48 Stat. 112
   f. recoupment for the amount of plaintiff's credit used to fund the investment conduit (value to be determined)
   g. Theft of tendered negotiable instrument
   h. compensation for the defendant's multiple violations of the plaintiff's rights, which include: extortion of credit, libel, slander, and emotional/financial distress caused
   i. Statutory violations: 26 USC § 856, TILA, and FCRA
   j. attorney and court fees

Tentative total monetary compensation sought: **$50,000.00** (amount subject to increase pending further investigation)

Sincerely,

James Arthur Stokes III
Executor of the ESTATE
*All Rights Reserved UCC 1-308 and Without Recourse UCC 1-415*

404-935-3428